KEITH MYERS,

        Petitioner,

  v.                                        Case No. 23-cv-1281-pp

RANDALL HEPP,

        Respondent.

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING *HABEAS* PETITION (DKT. NO. 1) AND ORDERING PETITIONER TO FILE AMENDED PETITION**

On September 26, 2023, the court received from the petitioner (who is incarcerated at Waupun Correctional Institution and is representing himself) a petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. The petition challenges the April 2015 revocation of the petitioner's extended supervision (the extended supervision term was imposed as part of his sentence after his 2003 conviction for felony murder (armed robbery) as a party to a crime). Dkt. No. 1. With his petition, the petitioner filed a motion to proceed without prepaying the $5 filing fee, dkt. no. 2, and a copy of his certified trust account statement, dkt. no. 3.

This order screens the petition under Rule 4 of the Rules Governing §2254 Cases, grants the motion to proceed without prepaying the filing fee, dkt. no. 2, and orders the petitioner to file an amended petition.

1

**I.     Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

There is a $5.00 filing fee for filing a *habeas* petition. 28 U.S.C. §1914(a). The petitioner asks the court to allow him to proceed without prepaying that fee. Dkt. No. 2. The request indicates that the petitioner has no assets—no bank account, no retirement account, no investments, no real estate, and no valuable other assets. Id. at 2. The petitioner's trust account statement showed that as of September 25, 2023, he had an end balance of $2.22 with an average monthly balance of $4.94. Dkt. No. 3. The court will grant the petitioner's moiton to proceed without prepaying the filing fee.

**II.    Rule 4 Screening**

   A.    Background

The petition refers to State v. Myers, Case No. 2002CF006187 (Milwaukee County Circuit Court). The court has reviewed the publicly available docket in that case, available at https://wcca.wicourts.gov/. It indicates that on February 7, 2003, the petitioner pled guilty to one count of felony murder (armed robbery) as a party to a crime. Id. On March 21, 2023, the state court sentenced him to twenty years of imprisonment: eleven years of incarceration followed by nine years of extended supervision. Id. The court entered a judgment of conviction on March 24, 2003. Id.

The petition indicates that on May 27, 2014, the petitioner was released on extended supervision following the expiration of his eleven-year period of incarceration. Dkt. No. 1 at 2. But on April 22, 2015, an Administrative Law Judge (ALJ) from the Department of Administration, Division of Hearings and

2

Appeals (the Division) revoked the petitioner's extended supervision due to "allegations of bank robbery." Id. On June 6, 2015, the petitioner filed a petition for writ of *certiorari* in Milwaukee County Circuit Court, challenging the ALJ's decision to revoke his extended supervision on grounds that the ALJ admitted "hearsay testimony of a police detective" during the revocation proceedings. Id. at 4.

The court has reviewed the publicly available docket for the petitioner's petition for writ of *certiorari* in Milwaukee County Circuit Court, State *ex rel.* Myers v. Hayes, Case No. 2016CV6847 (Milwaukee County Circuit Court), available at https://wcca.wicourts.gov/. While the docket shows that the circuit court eventually denied the petition on October 9, 2017, affirming the revocation of the petitioner's extended supervision, see id., and that the petitioner appealed the decision to the Wisconsin Court of Appeals, id., the resulting *per curiam* decision from the Wisconsin Court of Appeals reveals that the circuit court initially "reversed the revocation of [the petitioner's] extended supervision, concluding that the [ALJ] improperly admitted and relied in part on hearsay evidence," State *ex rel.* Myers v. Hayes, No. 2017AP2269, 2019 WL 549628, at *2 (Wis. Ct. App. Feb. 12, 2019). On remand back to the Division, however, "[t]he ALJ again revoked [the petitioner's] extended supervision . . . [,] explain[ing] that 'the revised decision eliminate[d]' reliance on [the] hearsay testimony." Id. When the petitioner "petitioned again for a writ of certiorari from the circuit court[,] . . . the circuit court denied the writ[.]" Id.

The petitioner appealed the circuit court's decision denying him a writ of *certiorari*, but on February 12, 2019, the Wisconsin Court of Appeals affirmed. Id. at *5. In March 2019, the court of appeals denied the petitioner's motion for reconsideration, State *ex rel.* Myers v. Hayes, Case No. 2016CV6847, and, a month later, the petitioner sought review from the Wisconsin Supreme Court, id. The Wisconsin Supreme Court denied review on September 9, 2019. Id. (but see Myers v. Hayes, Case No. 2019AP2269, 389 Wis. 2d 32 (Table) (Wis. Sept. 3, 2019) (reflecting that the Wisconsin Supreme Court denied review on September 3, 2019)).

B. Standard

A federal court must "screen" a *habeas* petition before allowing it to proceed. Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an

4

unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitation period, exhausted his state court remedies, and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

C. Analysis

The court has two concerns about the petition, based on the information the petitioner provided. The first is the timeliness of the petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a

5

one-year statute of limitations on a petitioner's *habeas* petition; it requires a petitioner to file his federal *habeas* petition within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

By presenting his challenge to the April 2015 revocation of his extended supervision to the Wisconsin Court of Appeals, then unsuccessfully petitioning the Wisconsin Supreme Court for review, see State *ex rel.* Myers v. Hayes, 2016CV006847, and Myers, 389 Wis. 2d 32 (Table), the petitioner appears to have exhausted his state court remedies—at least for certain claims, see Arrieta v. Battaglia, 461 F.3d 861, 868 (7th Cir. 2006) (stating that a petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits). But the revocation of the petitioner's extended supervision became final on (or around)[1] December 2, 2019—ninety days after the

---

[1] While the publicly available docket for the petition for writ of *certiorari* says that the Wisconsin Supreme Court denied review of the petition on September 9, 2019, State *ex rel.* Myers v. Hayes, Case No. 2016CV6847, the case entry on

6

Wisconsin Supreme Court denied his petition for review. See Anderson v. Litscher, 281 F.3d 672, 674-75 (7th Cir. 2002) (providing that the one-year statute of limitations does not begin to run under 28 U.S.C. §2244(d)(1)(A) until the expiration of the 90-day period in which prisoner could have filed a petition for writ of *certiorari* with the United States Supreme Court). The one-year limitation period likely began to run on or around December 3, 2019, but the petitioner did not file his federal *habeas* petition until September 26, 2023—three years and nine months later. Dkt. No. 1. It appears that the petition may be barred by the one-year statute of limitation imposed by §2244(d)(1)(A). But because the limitation period is an affirmative defense, and it is the State's burden to prove that a petition was not timely filed, Gildon v. Bowen, 384 F.3d 883, 886 (7th Cir. 2004), the court cannot conclude at the screening stage that the petition was not timely filed.

The court's second concern involves the "grounds for relief." The petition does not appear to raise any constitutional claims. "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.*" 28 U.S.C. §2254(a) (emphasis added). Under the heading "Grounds for Relief," the petitioner writes:

> [B]y way of evidence I am submitting a response letter from an Assistant Regional Chief May Jane Anttila in support to exorate [sic] my Extended Supervision revoke[.]

---

Westlaw shows an opinion dated September 3, 2019, Myers, 389 Wis. 2d 32 (Table).

7

> Administrative Law Judge Vince Varone should have terminated the revocation processing when the Region Chief stated that the department will not request anymore [sic] adjornments [sic] given that my agent witness did not show for final revocation hearing on March 19, 2015.

Dkt. No. 1 at 6. As best the court can tell from reviewing the docket, the petitioner has not filed a "response letter from an Assistant Regional Chief May Jane Anttila." More important, the court can't determine what the petitioner means in the second paragraph. As best the court can piece together, it appears that the petitioner wanted someone to testify for him at the revocation hearing—maybe his supervising probation officer—and that when that person did not appear at the hearing, the ALJ refused to give the petitioner additional time to secure the witness's appearance. It appears that, instead of giving the petitioner an adjournment to secure the witness's appearance, the ALJ relied on hearsay statements from a police officer to revoke the petitioner's supervised release. Maybe this is what happened, but the court cannot be sure from the way the petition is worded. And if this *is* what happened, the petitioner has not explained how this series of events violated his *constitutional* rights.

Before the court orders the respondent to respond to the petition, the court will require the petitioner to file an amended petition. With this order, the court will provide a blank §2254 form for the petitioner to use in preparing the amended petition.

When drafting his amended petition (if he decides to do so), the petitioner should keep in mind that a federal court can grant *habeas* relief only if a petitioner challenges the *constitutionality* of his custody, and only if he raised

8

that constitutional challenge in his petition for writ of *certiorari* with the circuit court, the court of appeals *and* in his petition for review to the Wisconsin Supreme Court. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991) (providing that a claim for relief is procedurally defaulted if the claim was not presented to the state courts and it is clear those courts would now hold the claim procedurally barred); see also Perruquet v. Briley, 390 F.3d 505, 515 (7th Cir. 2004) (same). Any grounds for relief which that the petitioner did not raise with each of those state courts are "procedurally defaulted," which means that a federal *habeas* court cannot grant relief. The petition suggests that the petitioner raised with each state court a claim that the ALJ impermissibly relied on certain hearsay testimony when deciding to revoke his extended supervision. See Dkt. No. 1 at 3-6. Such a claim for relief *may* be a cognizable constitutional claim on a §2254 *habeas* petition. See United States v. Mosley, 759 F.3d 664, 667 (7th Cir. 2014).

The amended petition should include an explanation of the "who, what, when, where" of the petitioner's claim. *Who* violated the petitioner's constitutional rights? *What* did that person do to violate the petitioner's rights? *When* did the person violate the petitioner's rights? *Where* did the violation happen? This information will help the court determine whether the petitioner has a constitutional claim that a federal court has the authority to consider.

One final note: as a request for relief the petitioner asks the court to hold certain individuals "accountable" for the revocation of his extended supervision. A §2254 petition for a writ of *habeas corpus* is not the statute that

9

holds accountable, or punishes, people who have violated someone's constitutional rights; §2254 only provides relief to a person held in custody in violation of his constitutional rights by vacating, setting aside, or correcting their sentences of confinement. If the petitioner believes that certain state actors are responsible for violations of his constitutional rights and he wants them to pay him money damages, he must file a civil lawsuit under 42 U.S.C. §1983, not a *habeas* petition under 28 U.S.C. §2254.

### III. Conclusion

The court **GRANTS** the petitioner's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the petitioner must file an amended petition that complies with this order in time for the court to *receive it* by the end of the day on **January 19, 2024**. If the court does not receive an amended petition by the end of the day on January 19, 2024, the court will dismiss the petition under Rule 4 for failure to state a claim that a federal *habeas* court may recognize.

Dated in Milwaukee, Wisconsin this 13th day of November, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**