UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEITH MYERS,

        Petitioner,

v.                                               Case No. 23-cv-1281-pp

RANDALL HEPP,

        Respondent.

**ORDER REQUIRING PETITIONER TO FILE AMENDED *HABEAS* PETITION**

On September 26, 2023, the petitioner filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. The petition challenges the April 2015 revocation of the petitioner's extended supervision, which was imposed as part of his sentence after his 2003 conviction for felony murder (armed robbery) as a party to a crime. Id. The court issued a screening order on November 13, 2023, expressing two concerns with the petition: its timeliness and its substance. Dkt. No. 6. Regarding timeliness, the court explained that the revocation of the petitioner's extended supervision became final in early December 2019, but the petitioner had not filed his federal *habeas* petition until September 2023—nearly four years later. Dkt. No. 6 at 6-7. Although it appeared that the petition likely was barred by the one-year statute of limitation imposed by 28 U.S.C. §2244(d)(1)(A), the court observed that because it is the respondent's burden to prove that a petition was not timely filed, it would not be appropriate to dismiss the petition on timeliness grounds at the

1

screening stage. Id. at 7 (citing Gildon v. Bowen, 384 F.3d 883, 886 (7th Cir. 2004)).

The court's second concern involved the petition's "grounds for relief"—namely, that the petition did not appear to raise any constitutional claims. Dkt. No. 6 at 7. Because the court could not tell from the petition the specifics of the petitioner's claim, or how the convoluted series of events described in the petition involved a violation of the petitioner's constitutional rights, the court ordered the petitioner to file an amended petition in time for the court to receive it by the end of the day on January 19, 2024. Id. at 8-10. The court advised the petitioner that

> [w]hen drafting his amended petition (if he decides to do so), the petitioner should keep in mind that a federal court can grant *habeas* relief only if a petitioner challenges the *constitutionality* of his custody, and only if he raised that constitutional challenge in his petition for writ of *certiorari* with the circuit court, the court of appeals *and* in his petition for review to the Wisconsin Supreme Court.

Id. at 8-9 (citing Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Perruquet v. Briley, 390 F.3d 505, 515 (7th Cir. 2004)). The court concluded the screening order with a warning that if it did not receive an amended petition by the end of the day on January 19, 2024, it would dismiss the case under Rule 4 for failure to state a claim that a federal *habeas* court may recognize. Id. at 10. The court has not received an amended petition as of the date of this order.

When the petitioner filed his petition in September 2023, he was incarcerated at Waupun Correctional Institution. Dkt. No. 1 at 1. The

2

Wisconsin Department of Corrections locator website shows that on October 14, 2023, the petitioner was released. https://appsdoc.wi.gov/lop/details/detail (for Keith Myers, D.O.C. No. 337242). In *this* case, the court did not receive from the petitioner a change-of-address form or notification that he'd been released; in another of his cases pending before this court the petitioner filed a change-of-address form in which he explained that after his October 14, 2023 release date he could be reached at a residential address in Sioux City, Iowa. Myers v. Adderton, Case No. 23-cv-79 (E.D. Wis. Oct. 5, 2023), Dkt. No. 13. On November 13, 2023, the court mailed its screening order containing the January 19, 2024 deadline for filing an amended petition to the petitioner at the Sioux City, Iowa address.

Although the order the court mailed to the Sioux City address has not been returned to the court as undeliverable, on November 27, 2023—two weeks after the court mailed the screening order to the petitioner's Sioux City address—the clerk's office received another change-of-address notice in Case No. 23-cv-79. Myers, Case No. 23-cv-79, at Dkt. No. 15. In that notice, the petitioner explained that he was at Milwaukee County Jail. Id. Because the petitioner changed addresses two weeks after the court mailed its November 13, 2023 screening order to the Sioux City address, the court cannot be sure that the petitioner received that order. Rather than dismiss the petitioner's case for failing to file an amended *habeas* petition by the January 19, 2024 deadline the court set in its November order, the court will give the petitioner a final chance to file such a petition, should he still wish to do so. With this

3

order, the court will provide a blank §2254 form for the petitioner to use in preparing the amended petition. The court also will include a copy of its November 13, 2023 screening order, pages 7-10 of which outline the deficiencies in the original petition that the petitioner must address in his amended petition. In the future, if the petitioner changes addresses, he *must* include in his change-of-address notice the case numbers for *all* his pending cases.

The court **ORDERS** that the deadline for the petitioner to file an amended petition is **EXTENDED** until the end of the day on **June 28, 2024**. This means that the petitioner must file his amended petition in time for the court to *receive it* by the end of the day on June 28, 2024. If the court does not receive an amended petition by the end of the day on June 28, 2024, the court will dismiss the case under Rule 4 for failure to state a claim cognizable by a federal *habeas* court.

Dated in Milwaukee, Wisconsin this 24th day of May, 2024.

                                      **BY THE COURT:**

                                      **HON. PAMELA PEPPER**
                                      **Chief United States District Judge**